IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Melissa M. Morrison, | ) | Civil Action No.: 4:12-cv-00471-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| McLeod Medical Center-Dillon, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Melissa M. Morrison ("Plaintiff") filed the above action alleging Defendant McLeod Medical Center-Dillon ("Defendant") discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Thomas E. Rogers, III.[1] [R&R, Doc. # 35.] In the R&R, the magistrate recommends that the Court grant Defendant's Motion for Summary Judgment. Plaintiff timely filed objections to the R&R on July 15, 2013, to which Defendant replied.

For the following reasons, this Court adopts the magistrate's recommendation.

**Background**[2]

Plaintiff is an African-American female who, after obtaining her Licensed Practical Nurse ("LPN") degree and while attending school to obtain her Registered Nurse ("RN") degree, spoke informally with a few of Defendant's department managers in June and July of 2010 about trying

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

[2] The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 35, at 1–9.]

to find a position with Defendant as a nurse extern. This included the director of Defendant's critical care services, which includes Defendant's Intensive Care Unit ("ICU").

In October 2010, Spring Lewis ("Lewis"), a white LPN who worked for Defendant as a lab technician, began applying for posted RN positions with Defendant. Lewis had no specific knowledge that it was acceptable for LPNs to apply for an RN position, but she did anyway because she knew Defendant did not hire LPNs and she had one semester left before obtaining her RN degree.

In December 2010, two nurses left the ICU, prompting the director to review applicants for the RN position, including Lewis. The director had previously interviewed Lewis for a different position and knew that she was entering her final semester to get her RN degree. Additionally, Lewis was on a McLeod Health scholarship. On December 15, 2010, Defendant hired Lewis. Because Lewis was not yet an RN, human resources had to create a temporary job code that would pay Lewis as an LPN until she received her RN license in June 2011.

After discovering that Lewis was working as a nurse in the ICU, Plaintiff asked human resources if there were any nurse extern positions available. While none were available, human resources permitted Plaintiff to contact nurse managers directly regarding possible positions. Ultimately, Plaintiff did not receive a position and filed a charge of discrimination with the Equal Opportunity Commission ("EEOC"), after which she filed the Title VII claim at issue.

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is

charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **Discussion**

Because Plaintiff has not presented any direct evidence of race discrimination, her Title VII failure to hire claim proceeds under the burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that burden-shifting scheme, to establish a *prima facie* case of failure to hire, Plaintiff must show (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected for the position in favor of someone outside the protected class

3

under circumstances giving rise to an inference of unlawful discrimination. *Mackey v. Shalala*, 360 F.3d 463, 468 (4th Cir. 2004); *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998).

The magistrate held that Plaintiff's Title VII claim failed because Plaintiff failed to prove the second and fourth elements of a *prima facie* case of failure to hire. Plaintiff filed two objections to the R&R and the Court will address each in turn.

**I.      Plaintiff's alleged application for the position in question**

Plaintiff objects to the magistrate's holding that Plaintiff failed to present sufficient evidence upon which a reasonable jury could conclude that Plaintiff applied for the position in question.

Plaintiff concedes that, unlike Lewis, she never applied for a RN position with Defendant. [Obj., Doc. # 37, at 6–7.] However, Plaintiff appears to argue that such an application was not required because Defendant had "a seemingly informal hiring process and a created position that could not have been applied for." [*Id*. at 6.] Plaintiff cites to cases which allow non-applicants to satisfy the application requirement in a Title VII failure to hire case where the non-applicant can demonstrate some informal and secretive hiring process through which the non-applicant did not have the opportunity to apply. *See Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644 (4th Cir. 2002); *Roberts v. Gadsden Mem'l Hosp*.,835 F.2d 793, 797 (11th Cir. 1988). Relying on this line of cases, Plaintiff essentially argues that she has shown the second element of her *prima facie* case because (1) she inquired about finding a position with Defendant before Lewis was hired; (2) Lewis was hired an LPN/RN Staff Nurse; (3) the position for which Lewis was hired was comparable to the position about which she had inquired; and (4) Plaintiff never had an opportunity to apply as an LPN/RN Staff Nurse because that position was never advertised. [Obj., Doc. # 37, at 7–10.]

There are a number of problems with Plaintiff's argument. First, Plaintiff has made no showing of any secretive hiring process. As the magistrate explained, the evidence reveals that Lewis did apply for an RN position in Defendant's ICU that had been posted in December of 2009,[3] and Lewis was hired to fill that position. However, because Lewis was still an LPN at the time she was hired, a temporary job code was created by Human Resources so that Lewis would be paid as and considered an LPN until she earned her RN degree. "Contrary to Plaintiff's insinuation, there is no evidence in the record that the position at question was simply handed to Lewis without any initiation or with informal initiation on her part." [R&R, Doc. # 35, at 11.] This is in contrast to the cases cited by Plaintiff, which involved secretive hiring practices that made it practically impossible for the non-applicant to apply. *See Dennis*, 290 F.3d at 644; *Roberts*, 835 F.2d at 797.

Second, Plaintiff does not challenge the fact that Defendant's critical care services director, after having lost two nurses in the ICU department, came upon Lewis's application in December 2010 while reviewing RN applicants. [*See* R&R, Doc. # 35, at 5.] Plaintiff had the same opportunity as Lewis: apply for an RN position even though she had yet to graduate. As the magistrate explained, and to which Plaintiff does not appear to object, the evidence in the case shows that Lewis had no greater knowledge than Plaintiff about whether Defendant would hire LPNs for RN positions. [*Id.*] The Court further notes, and Plaintiff does not challenge, that in December 2010 Lewis was entering her final semester to get her RN degree. [*Id.*] When Plaintiff informally

---

[3] To the extent Plaintiff's objections can be read as challenging whether Lewis applied for the RN position, Plaintiff offers no support for this proposition. Further, the uncontradicted evidence in the record, including Lewis's deposition testimony and the affidavits of Defendant's human resource representative and critical care services director, shows that Lewis did apply for an RN position. [*See* R&R, Doc. # 35, at 4–6.] Further, while the record indicates that Plaintiff eventually inquired about RN positions with Defendant, these inquiries occurred after Defendant had hired Lewis. [*Id.* at 6–7.]

contacted Defendant in June or July 2010, she had approximately a year left before she would complete her degree. [*Id*. at 7.] Thus, Plaintiff has failed to show that she applied for the position in question or that there was any secretive or informal process at play to excuse or prevent her from having applied. Plaintiff's objection on this point is without merit. Further, even if Plaintiff were able to show that she applied for the position at issue, summary judgment would also be appropriate because, as discussed below, Plaintiff fails to show the fourth prong of her *prima facie* case.

## II.     **Plaintiff's supposed rejection under discriminatory circumstances**

Plaintiff second objection takes issue with the magistrate's holding that Plaintiff failed to show she was rejected for the position in favor of someone outside the protected class under circumstances giving rise to an inference of unlawful discrimination.

Plaintiff flatly acknowledges that the hiring of Lewis does not, alone, "create[] an inference of discrimination." [Obj. Doc. # 37, at 10.] Instead, Plaintiff argues, without any further citation to the record, that she has given "examples of other employees that she observed working as nursing students. Plaintiff gives affidavits of other employees who felt discriminated against by Defendant in terms of hiring and promotion." [*Id*.]

The magistrate squarely addressed this argument, noting that "although Plaintiff argues that an atmosphere of racial inequality exists at McLeod Dillon, the evidence she presents to support this contention is insufficient to create an issue of fact regarding the issue at hand, which is whether Plaintiff was denied the ICU position obtained by Lewis because of her race. . . . [T]he evidence in the record is insufficient to give rise to an inference that [the decision maker who hired Lewis] held any racial animus." [R&R, Doc. # 35, at 13 (emphasis in original).] *See also Lowery v. Circuit City Stores*, 158 F.3d 759–761 (4th Cir. 1998), *judgment vacated on other grounds*, 527 U.S. 1031 (1999)

(noting that an individual plaintiff in a Title VII action does not have a private, non-class cause of action for a pattern and practice of race discrimination). Plaintiff's affidavits[4] involve only three employees: a medical records department employee who alleges there were "racial issues" with Defendant; a nurse who supposedly applied for, but did not receive, a hospital manager position; and a nursing assistant who was allegedly told she did not qualify for a unit secretary position due to excessive absences. [Affidavits, Doc. # 23-5, at 1–7.] Further, none of these employees applied for a position akin to the position for which Plaintiff applied, none of these employees reference any of the decision makers named by Plaintiff, and none of these employees worked in, or applied for positions in, Defendant's ICU department. [*Id.*] Plaintiff's objection is overruled.

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, Defendant's Reply, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 21] is **GRANTED** and this case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 29, 2013

---

[4]   The Court reiterates that Plaintiff's objections gave no citation to the record regarding the affidavits. The Court cites the affidavits attached to Plaintiff's Response in Opposition to Defendant's Summary Judgment Motion.